IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A COTTONHAM, | ) | |
| Plaintiff(s), | ) | No C 08-3029 VRW (PR) |
| vs | ) | ORDER OF DISMISSAL |
| CITY & COUNTY OF SAN FRANCISCO, et al, | ) | |
| Defendant(s). | ) | |

   Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 USC § 1983 alleging that Center for Special Problems therapists Andreas Schmitz and Matt Foley breached their duty of patient-doctor confidentiality when they divulged parts of their initial interview with plaintiff to plaintiff's probation officer, which caused plaintiff to be placed in custody. Plaintiff seeks damages and release from custody.

## DISCUSSION

A. <u>Standard of Review</u>

   Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief." Id § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v
5  Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).
6        To state a claim under 42 USC § 1983, a plaintiff must allege two
7  essential elements:  (1) that a right secured by the Constitution or laws of the
8  United States was violated, and (2) that the alleged violation was committed by a
9  person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).
10  B.    Legal Claims
11        Plaintiff's claim for damages for breach of his therapists' duty of doctor-
12  patient confidentiality must be dismissed for failure to state a claim under § 1983.
13  Although the alleged breach may be sufficient to state a claim for violation of
14  California law, it is not enough to state a claim for violation of a right secured by
15  the Constitution or laws of the United States.  See id.  Moreover, therapists
16  Schmitz and Foley are private individuals who did not act under color of state
17  law, an essential element of a § 1983 action.   See Gomez v Toledo, 446 US 635,
18  640 (1980).  Purely private conduct, no matter how wrongful, is not covered
19  under § 1983.  See Ouzts v Maryland Nat'l Ins Co, 505 F2d 547, 550 (9th Cir
20  1974).
21        Plaintiff's naming the City and County of San Francisco as a defendant
22  does not compel a different result because the therapists were not employees of
23  the City and County and, even if they were, that would not be a sufficient basis
24  for liability under § 1983.  See Board of County Comm'rs v Brown, 520 US 397,
25  403 (1997) (city or county may not be held vicariously liable for unconstitutional
26  acts of its employees under theory of respondeat superior).
27
28                                                     2

|  |  |
|---|---|
| 1 | Plaintiff's claim for injunctive relief – to be released from custody – must |
| 2 | be dismissed without prejudice to bringing the claim in a petition for a writ of |
| 3 | habeas corpus after exhausting state judicial remedies.  It is well-established that |
| 4 | any claim by a prisoner attacking the fact or duration of his confinement must be |
| 5 | brought under the habeas sections of Title 28 of the United States Code.  See |
| 6 | Calderon v Ashmus, 523 US 740, 747 (1998); Edwards v Balisok, 520 US 641, |
| 7 | 648 (1997); Preiser v Rodriguez, 411 US 475, 500 (1973). |

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 USC § 1915A(b).

The clerk enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

Dated: July 21, 2008

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Cottomham, M1.dismiss.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK COTTONHAM,

        Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO
et al,

        Defendant.

Case Number: CV08-03029 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark A. Cottonham 2326138
County Jail 1
SF #377495
850 Bryant Street
Hall of Justice
San Francisco, CA 94103

Dated: July 22, 2008

                                      Richard W. Wieking, Clerk
                                      By: Frank Justiliano, Deputy Clerk